IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

EDDIE A. NUNNELLEY, JR.,                    §
*also known as*                             §
EDDIE A. NUNNELLEY,                         §
*also known as*                             §
EDDIE ALAN JUNIOR NUNNELLEY,                §
                                            §
           Petitioner,                      §
                                            §
v.                                          §           2:13-CV-217
                                            §
WILLIAM STEPHENS,                           §
Director, Texas Dep't of Criminal Justice   §
Correctional Institutions Division,         §
                                            §
           Respondent.                      §

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging disciplinary proceeding 20140002569, which petitioner says occurred on September 12, 2013, and which resulted in the loss of thirty days of good-time credit. The proceeding took place at the Neal Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated at the Neal Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner fails to specify his holding offense except to state that it is a fifteen-year sentence out of Grayson County, Texas, and was issued August 14, 2003. He additionally indicates his original conviction *did* include a deadly

weapon finding and he is *not* eligible for mandatory supervised release. The Offender Information Database maintained by the Texas Department of Criminal Justice, in line with petitioner's representations to the Court, reflects petitioner is currently incarcerated on a conviction for aggravated assault with a deadly weapon.

Petitioner is correct in that his conviction for aggravated assault with a deadly weapon renders him ineligible for mandatory supervised release. *See* Tex. Gov't Code § 508.149(a)(7). Therefore, even though petitioner lost previously earned good-time credit as a result of the disciplinary proceeding, he cannot challenge the disciplinary adjudication by way of a federal petition for writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner EDDIE A. NUNNELLEY, JR., also known as EDDIE A. NUNNELLEY and as EDDIE ALAN JUNIOR NUNNELLEY be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of December, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).